# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| MONTY MARCH,<br>Appellant,<br>v.<br>DON GIBSON, ET AL.,<br>Appellees | No. 24-3478 |
| MONTY MARCH,<br>Appellant<br>v.<br>RHONDA BURNETT, ET AL.,<br>Appellees | No. 24-3450 |
| ROBERT FRIEDMAN,<br>Appellant<br>v.<br>DON GIBSON, ET AL.,<br>Appellees | No. 24-3481 |
| ROBERT FRIEDMAN,<br>Appellant<br>v.<br>RHONDA BURNETT, ET AL.,<br>Appellees | No. 24-3451 |

## JOINT MOTION TO CONSOLIDATE APPEALS

Appellants Monty March ("March") and Robert Friedman ("Friedman") jointly move this Court pursuant to Fed. R. App. P. 3(b)(2) and Eighth Circuit Rule 27A(a)(8) for an Order consolidating the appeals in the four above-captioned actions

(the "REBNY Appeals") and treating those consolidated appeals separately from other appeals arising out of National Association of Realtors ("NAR") related litigations.

The common and predominate legal and factual issues in the four REBNY Appeals are different from the legal and factual issues in the other NAR and NAR-related settlement appeals before this Court. While the NAR-centered litigation settlement appeals arise out of a conspiracy involving NAR's Mandatory Offer of Compensation Rule, the REBNY Appeals arise out of a wholly different conspiracy and different set of real estate trade organization rules. Indeed, REBNY seceded from NAR and severed all ties from NAR in 1994. Although the predominate issues in the REBNY Appeals are different from the other NAR litigation appeals, each of the four REBNY Appeals involves the very same factual context, has overlapping appellees, and raises substantially the same legal issues as each of the other REBNY Appeals. Moreover, the separately-filed *March* and *Friedman* Objections were decided side-by-side with one another as is evidenced by the two rulings in the parallel *Gibson* and *Burnett* actions issued from the U.S. District Court for the Western District of Missouri. Consolidating the REBNY Appeals for briefing, argument, and decision, independently from all NAR based appeals, will promote efficiency and serve the interests of judicial economy.

## Factual Background

There are presently, before this Court, twelve appeals arising out of objections to a series of class action settlements that seek to resolve claims involving an antitrust conspiracy centered on NAR, NAR-member brokerages, and NAR-controlled listing services that resulted in the inflation of buyer broker commissions paid by home sellers.[1] Four of these appeals are the REBNY Appeals, which concern a wholly separate and distinct antitrust conspiracy perpetrated by and through the Real Estate Board of New York ("REBNY") and its separate rules which exclusively govern sales of residential real estate in particular markets within New York City dominated by REBNY—and in which NAR does not operate—which consist of Manhattan, and certain sections of the Bronx, Brooklyn, Kings, Queens and Richmond counties.

March and Friedman are the lead plaintiffs in two antitrust class actions pending in the Southern District of New York against REBNY and REBNY-member brokerages operating in New York City.[2] Both the *March* and *Friedman* actions

---

[1] These include: *Gibson, et al. v. March* (24-3478), *Gibson, et al v. Mullis* (24-3473), *Gibson, et al. v. Friedman* (24-3481), *Gibson, et al. v. Cheatham, et al.* (24-3564), *Burnett, et al. v. Spring Way Center LLC, et al.* (24-3444), *Burnett, et al. v. March* (24-3450), *Burnett, et al. v. Friedman* (24-3451), *Burnett, et al. v. Cheatham, et al.* (24-3527), *Burnett, et al. v. Monestier* (24-3585), *Burnett, et al. v. Hao Zhe Wang* (24-3589), *Burnett, et al. v. Doyle, et al.* (24-3621), and *Burnett, et al. v. Mullis* (24-3619).

[2] *See March v. Real Estate Board of New York, et al.*, 23-cv-9995 (S.D.N.Y.) and *Friedman v. Real Estate Board of New York, et al.*, 24-cv-405 (S.D.N.Y.).

allege antitrust conspiracies that center on REBNY and concern anticompetitive conduct arising from REBNY members' adherence to REBNY (not NAR) rules that govern residential real estate transactions on REBNY's Residential Listing Service ("RLS"). Among the myriad distinctions between the NAR and REBNY conspiracies, *March* and *Friedman* allege that, unlike the NAR conspiracy at issue in the NAR litigations, which was purportedly perpetrated at the broker defendants' corporate level, REBNY's anticompetitive buyer broker commission sharing arrangement was exclusively perpetrated by REBNY and its members, brokers and agents. REBNY member brokers and agents must agree in writing to strictly adhere to the REBNY Rules and REBNY Code of Ethics—not NAR's rules—when facilitating residential real estate transactions on the RLS. The *March* and *Friedman* actions allege further critical distinctions between REBNY's anticompetitive residential real estate commission rules that demonstrate that the REBNY conspiracy is wholly separate from the NAR conspiracy that was the subject of the twin *Burnett* and *Gibson* actions in the Western District of Missouri.

Notwithstanding the separate alleged conspiracies, Plaintiffs-Appellees and Defendants-Appellees sought and obtained approval of "nationwide" class action settlements in the NAR litigation in the Western District of Missouri that, if the District Court's final approval orders stand, would result in the release of claims against nearly every defendant in *March* and *Friedman* except for REBNY itself;

REBNY is not affiliated with NAR in any way and is not a party to any settlement in the Western District of Missouri. Appellants March and Friedman, who objected to the *Gibson* and *Burnett* settlements, appeal the District Court's Final Approval Orders in *Gibson* and *Burnett* that overruled March's and Friedman's objections to the settlements (*see Burnett v. NAR*, 19-cv-00332, ECF No. 1622; *Gibson v. NAR*, 23-cv-00788, ECF No. 530 (together, the "Final Approval Orders")). In both Final Approval Orders, the District Court overruled March's and Friedman's separately filed objections in tandem, on precisely the same grounds, often referring to both Appellants collectively as "the New York Objectors."

March's and Friedman's appeals will address multiple overlapping issues where the District Court overruled their objections collectively in Final Approval Orders. Significantly, March and Friedman will argue that the District Court improperly overruled March's and Friedman's objections that there is no identical factual predicate between the separate REBNY conspiracy pled in the *March* and *Friedman* actions and the NAR conspiracy at issue in the NAR litigation in the Western District of Missouri that permitted the release of *March*'s and *Friedman*'s claims as part of NAR-centered settlements. *Gibson* ECF No. 530 at 30-34; *Burnett* ECF No. 1622 at 52-57. Without an identical factual predicate, the *March* and *Friedman* claims could be not part of the *Gibson* and *Burnett* settlements as a matter of law. March and Friedman will also address other failures in the Final Approval

Orders, including the District Court's overruling of objections that Missouri Class Representatives did not have standing to settle March's or Friedman's REBNY claims, that the total settlement amount was inadequate, that proper guidance on settlement distribution had not been provided, and that the practice changes required by the respective settlement agreements were inadequate or inapplicable to REBNY-member brokerages who are defendants in *March* and *Friedman*. *Gibson* ECF No. 530 at 34-35; *Burnett* ECF No. 1622 at 57-58. March and Friedman will also argue that the District Court erred in deeming March's and Friedman's appeals as "waived" because the individual objectors did not personally appear at the final fairness hearing in response to eleventh-hour orders to do so, despite being afforded the opportunity in the *Gibson* and *Burnett* Preliminary Approval Orders to appear either in person or through counsel, and despite their counsel appearing in court. *See Gibson* ECF No. 530 at 19; *Burnett* ECF No. 1622 at 17.

**Argument**

Consolidation of related appeals is permitted under Fed. R. App. P. 3(b)(2). According to Wright & Miller, "[a] court of appeals may choose to consolidate appeals for the sake of efficiency and to promote consistent treatment." Wright & Miller, 16A Fed. Prac. & Proc. §3949.2; *see also Chapman v. Lab One*, 390 F.3d 620, 622 (8th Cir. 2004) (citing Fed. R. App. P. 3(b)(2)) ("Because the two cases present closely related issues, we consolidated their appeals."); D.C. Cir., Handbook,

Part V.A. ("cases involving essentially the same parties or the same, similar, or related issues, may be consolidated"). Those conditions are clearly met here. The REBNY Appeals present identical fact patterns, overlapping appellees, and the exact same legal issues, which uniquely affect March's and Fieldman's respective objections and the District Court's overruling of those objections. In each case, the District Court referred to March and Friedman as a unified group – the "New York Objectors." The District Court's Final Approval Orders entered identical decisions overruling March's and Friedman's objections and applied the very same legal analysis to those objections.

Because the factual context and the questions presented in all four REBNY Appeals are identical, Appellants respectfully submit that this Court can and should consolidate the four REBNY Appeals and consider them independently from other appeals arising out of NAR related Actions which raise separate and distinct legal questions. It would be highly redundant, inefficient, and a waste of both this Court's and the parties' resources to have the parties file multiple briefs in four separate appeals making duplicative arguments. Efficiency and judicial economy militate that: (i) the four REBNY Appeals should be consolidated; and (ii) a single schedule for briefing and argument on the REBNY Appeals should be established.

Dated: January 22, 2025

Respectfully submitted,

By: */s/ Matthew E. Van Tine*
Marvin A. Miller
Matthew E. Van Tine
**MILLER LAW LLC**
53 W. Jackson Blvd., Suite 1320
Chicago, Illinois 60604
Telephone: (312) 332-3400
MMiller@millerlawllc.com
MVantine@millerlawllc.com

Michael M. Buchman
Nathaniel Blakney
**MOTLEY RICE LLC**
800 Third Avenue, Suite 2401
New York, New York 10022
Telephone: (212) 577-0040
mbuchman@motleyrice.com
nblakney@motleyrice.com

Louis Bograd
**MOTLEY RICE LLC**
401 9th St. NW, Suite 630
Washington, DC 20004
Telephone: (202) 386-9623
lbograd@motleyrice.com

*Counsel for Appellant Monty March*

By: */s/ Steven J. Buttacavoli*
Steven J. Buttacavoli
Steven L. Groopman
**BERMAN TABACCO**
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
sbuttacavoli@bermantabacco.com
sgroopman@bermantabacco.com

Todd A. Seaver
**BERMAN TABACCO**
425 California St, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
tseaver@bermantabacco.com

Daniel Goldman
**BIENERT KATZMAN LITTRELL WILLIAMS LLP**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (973) 476-5485
dgoldman@bklwlaw.com

*Counsel for Appellant Robert Friedman*

## CERTIFICATE OF COMPLIANCE

1. This statement complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this statement has been prepared in 14-point Times New Roman font.
2. This statement complies with the requirements of Local Rule 28A(h)(2) because it has been scanned for viruses and is free of viruses.

*/s/ Matthew E. Van Tine*
Matthew E. Van Tine

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Matthew E. Van Tine*
Matthew E. Van Tine