**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | |
|---|---|
| RHONDA BURNETT; JEROD BREIT; JEREMY KEEL; FRANCES HARVEY; HOLLEE ELLIS,<br>*Plaintiffs-Appellees*,<br>*v.*<br>NATIONAL ASSOCIATION OF REALTORS; HOME SERVICES OF AMERICA; BHH AFFILIATES, LLC; HSF AFFILIATES, LLC,<br>*Defendants-Appellees*,<br>*v.*<br>BROWN HARRIS STEVENS; THE AGENCY,<br>*Intervenors-Appellees*,<br>*v.*<br>MONTY MARCH,<br>*Objector-Appellant*. | No. 24-3450 |
| RHONDA BURNETT; JEROD BREIT; JEREMY KEEL; FRANCES HARVEY; HOLLEE ELLIS,<br>*Plaintiffs-Appellees*,<br>*v.*<br>NATIONAL ASSOCIATION OF REALTORS; HOME SERVICES OF AMERICA; BHH AFFILIATES, LLC; HSF AFFILIATES, LLC,<br>*Defendants-Appellees*,<br>*v.*<br>BROWN HARRIS STEVENS; THE AGENCY,<br>*Intervenors-Appellees*,<br>*v.*<br>ROBERT FRIEDMAN,<br>*Objector-Appellant*. | No. 24-3451 |

# DEFENDANT-APPELLEE NATIONAL ASSOCIATION OF REALTORS' OPPOSITION TO JOINT MOTION FOR RECONSIDERATION OF OBJECTORS-APPELLANTS MARCH AND FRIEDMAN

On Appeal from the United States District Court
for the Western District of Missouri
Case No. 4:19-CV-332-SRB · The Honorable Stephen R. Bough

February 20, 2025

Christopher G. Michel
William A. Burck
John F. Bash
Michael D. Bonanno
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8308

*Counsel for Defendant-Appellee National Association of Realtors*

## INTRODUCTION

Consistent with longstanding Circuit practice, the Clerk of this Court consolidated more than a dozen appeals by class-action-settlement objectors into three groups corresponding to the orders from which the appeals originated.[1] That common-sense approach was well within the Court's broad discretion to manage its docket because each group of consolidated appeals involves closely related issues and parties, and consolidation in this manner promotes judicial economy.

Objectors-Appellants Monty March and Robert Friedman ("Movants") moved to deconsolidate their appeals from the existing structure and reconsolidate them with each other, creating a fourth group of appeals. Joint Motion to Consolidate Appeals of Monty March and Robert Friedman, Nos. 24-3450, 24-3451, 24-3478, 24-3481 (Jan. 22, 2025) ("Consolidation Mtn."). The Clerk denied that motion based in part on "the complicated nature of these appeals." Order of January 27, 2025, Nos. 24-3450, 24-3451, 24-3478, 24-3481 ("Order Denying

[1] *See* Clerk Letter of July 5, 2024, *Burnett v. Mullis*, No. 24-2143(L), *Burnett v. Spring Way Ctr., LLC*, No. 24-2168(Con); *Burnett v. Cheatham*, No. 24-2391(Con); Clerk Letter of December 31, 2024, *Burnett v. Spring Way Ctr., LLC*, No. 24-3444(L); *Burnett v. March*, 24-3450(Con); *Burnett v. Friedman*, 24-3451(Con); *Burnett v. Cheatham*, 24-3527(Con); *Burnett v. Monestier*, 24-3585(Con); *Burnett v. Mullis*, 24-3619(Con); *Burnett v. Doyle*, 24-3621(Con); Clerk Order of December 23, 2024, *Gibson v. Mullis*, No. 24-3473(L); *Gibson v. March*, No. 24-3478(Con); *Gibson v. Friedman*, No. 24-3481(Con); *Gibson v. Cheatham*, No. 24-3564(Con).

Consolidation"). Movants now ask the Court to reconsider that determination. Joint Motion for Panel Reconsideration of the Clerk's Denial of Appellants' Motion to Consolidate Appeals, Nos. 24-3450, 24-3451, 24-3478, 24-3481 (Feb. 10, 2025) ("Reconsideration Mtn."). Because nothing has changed since the Clerk's denial of Movants' motion for consolidation, and because the reshuffling Movants propose would undermine rather than promote judicial economy, the Court should deny Movants' request for reconsideration.

## BACKGROUND

### A. The Settlement Orders On Appeal

The appeals at issue here arise from two class actions filed in the United States District Court for the Western District of Missouri challenging buyer-broker commissions paid by home sellers: *Burnett v. National Association of Realtors*, No. 19-cv-332, and *Gibson v. National Association of Realtors*, No. 23-cv-788. Those actions resulted in numerous settlements, which the district court approved in three distinct orders. *See Burnett* Dkts. 1487, 1622; *Gibson* Dkt. 530. Several objectors appealed those settlement-approval orders, and the Clerk consolidated the appeals into three groups, with each group corresponding to the order from which the appeals originated. *See* p. 1, n.1, *supra*. Specifically, and as outlined in more detail in the attached appendix:

- *First*, three objectors appealed the district court's order approving the settlements entered into by the *Burnett* Plaintiffs with Defendants

Anywhere Real Estate, Inc., RE/MAX LLC, and Keller Williams Realty, Inc. ("Anywhere-RE/MAX-Keller settlements"). Those appeals are consolidated as lead case No. 24-2143, which has been fully briefed and is not at issue in this motion.

- *Second*, seven objectors—including Movants—appealed the district court's order approving the settlements entered into by the *Burnett* Plaintiffs with Defendants National Association of Realtors ("NAR") and HomeServices of America, Inc. and its subsidiaries HSF Affiliates LLC and BHH Affiliates LLC ("HomeServices") ("NAR-HomeServices settlements").[2] Several hundred other brokerages and Multiple Listing Services ("MLSs") opted in to the NAR settlement in exchange for, among other things, agreeing to make certain practice changes and cooperating with ongoing litigation. Those appeals are consolidated as lead case No. 24-3444. According to a briefing schedule set by the Clerk on January 29, 2025, the opening briefs in these appeals are due on March 20, 2025.

- *Third*, four objectors—including Movants—appealed the order approving the settlements entered into by the *Gibson* Plaintiffs with Defendants Compass, Inc., Redfin Corporation, and several other real estate companies ("Compass-Redfin settlements"). Those appeals are consolidated as lead case No. 24-3473. According to a briefing schedule set by the Clerk on January 29, 2025, the opening briefs in these appeals are due on March 20, 2025.

### B. Movants' Requests To Alter The Clerk's Consolidation Decisions

Movants are sellers who listed real estate through the Real Estate Board of New York ("REBNY"). *See* Reconsideration Mtn. at 4-5. The settlements resolving their claims were approved over their objections in the second and third orders

[2] This Court originally consolidated Objector-Appellant Hao Zhe Wang's appeal, *Burnett v. Wang*, No. 24-3589, with the other NAR-HomeServices appeals, but, following the Court's typical practice, later deconsolidated it due to Wang's *pro se* status.

discussed above. *Id.* at 6. After the Clerk consolidated Movants' appeals as outlined above, Movants asked to remove their appeals from the second and third groups and to create a new (fourth) group for their appeals. Consolidation Mtn. at 7. The Clerk denied the motion *sua sponte*, noting "the complicated nature of these appeals." Order Denying Consolidation. Movants now seek reconsideration of that order.

## LEGAL STANDARD

When multiple parties "have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." Fed. R. App. P. 3(b)(2). Consolidation is appropriate when the appeals involve "closely related issues," *Chapman v. Lab One*, 390 F.3d 620, 622 (8th Cir. 2004), or "overlapping facts and legal issues," *Farah v. Weyker*, 926 F.3d 492, 497 (8th Cir. 2019). This Court reviews consolidation determinations for abuse of discretion. *United States v. Logan*, 333 F.3d 876, 878 (8th Cir. 2003). Reconsideration of a decision on a party's motion is appropriate only for the limited purpose of "correcting manifest errors of law or fact or presenting newly discovered evidence." *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013) (brackets and ellipsis omitted)).

## ARGUMENT

### I. THE CLERK DID NOT ABUSE ITS DISCRETION IN CONSOLIDATING THE APPEALS AS IT DID

Movants do not explain how they meet the high bar for granting reconsideration, which alone suffices to deny the motion. Nowhere do Movants allege that the Clerk committed a "manifest" error, nor do they offer any "newly discovered" evidence. *Luger*, 837 F.3d at 875. Movants merely rehash arguments already presented to and rejected by the Clerk in their Consolidation Motion. *Compare* Reconsideration Mtn. at 7-8, *with* Consolidation Mtn. at 6-7. On this basis alone, this Court should deny Movants' Reconsideration Motion. In any event, reconsideration is unwarranted because the Clerk's approach to consolidation was well within its discretion for multiple reasons.

*First*, this Court routinely consolidates appeals from the same order or judgment. *E.g.*, *Wolk v. City of Brooklyn Ctr.*, 107 F.4th 854 (8th Cir. 2024); *Cigna Corp. v. Bricker*, 103 F.4th 1336 (8th Cir. 2024). These appeals are no exception. The three groups of appeals that the Clerk has consolidated concern three distinct appealed-from orders approving three distinct sets of settlements. *See* pp. 2-3, *supra*.

*Second*, the appeals in each group of appeals involve "closely related issues," *Chapman*, 390 F.3d at 622, and "overlapping facts and legal issues," *Farah*, 926 F.3d at 497—namely, whether each appealed-from order permissibly approved the corresponding settlement under Federal Rule of Civil Procedure 23(e). In this

respect, these objector appeals resemble the objector appeals in *In re T-Mobile Customer Data Security Breach Litigation* ("*T-Mobile*"), 111 F.4th 849 (8th Cir. 2024), where the district court overruled two class members' objections to the size of class counsel's fee request. Because "both appeals ar[o]se from similar objections to the class action settlement in the district court," Plaintiffs-Appellees' Motion to Consolidate Appeals at 3, *T-Mobile*, No. 23-2744(L) (Oct. 10, 2023), the Clerk granted the plaintiffs-appellees' motion to consolidate, Clerk Order of October 25, 2023, *T-Mobile*, No. 23-2744(L). The consolidation approach here thus follows standard practice.

*Third*, the appeals in each group of appeals have identical sets of plaintiffs-appellees and identical or near-identical sets of defendants-appellees. This Court regularly consolidates cases of this nature. For example, in *Widtfeldt v. Holt County Board of Equalization*, 273 F. App'x 573 (8th Cir. 2008), this Court consolidated appeals by the same plaintiff brought "against the same defendants." *Id.* at 574; *see* Consolidation Order, *Widtfeldt*, No. 06-3271 (Oct. 19, 2006).

*Fourth*, consolidation into these three groups promotes judicial economy by avoiding duplicative briefing and argument. Each group's appeals raise issues that are common to one another and thus can be briefed and argued together.[3]

---

[3] The Third Circuit took the same approach as this Court when confronted with judgments finalizing two different settlements in the same class action. In *In*

## II. MOVANTS' PROPOSAL WOULD UNDERMINE RATHER THAN PROMOTE JUDICIAL ECONOMY

Movants' request to deconsolidate their appeals from the current allocation and create a fourth group of appeals involving settlement objectors who sold real estate listed on REBNY would undermine rather than promote judicial economy. As all Plaintiffs-Appellees agree, *see* Letter from Plaintiffs-Appellees at 2, *Burnett v. Spring Way Ctr., LLC*, No. 24-3444 (Jan. 21, 2025); Letter from Plaintiffs-Appellees at 2, *Gibson v. Mullis*, No. 24-3473 (Jan. 21, 2025), Movants' appeals are appropriately consolidated with appeals seeking review of the same orders rather than with each other.

Movants' principal argument is that their appeals "fundamentally differ," Reconsideration Mtn. at 2, from the other appeals from the same district court orders. But Movants understate the extent to which their objections resemble the other objections at issue in the appeals with which they are presently consolidated. For example, Movant March and Spring Way—another objector to the NAR-HomeServices settlements—both contend that the NAR settlement amount is

---

*re Insurance Brokerage Antitrust Litigation*, 579 F.3d 241 (3d Cir. 2009), the court separately consolidated (1) 16 objections to the orders and judgment finalizing a settlement with a set of insurers ("Zurich settlement") and awarding attorney's fees, and (2) an objection to different orders and judgments finalizing a separate settlement with a set of insurance brokers ("Gallagher settlement"). *See generally Opticare Health Sys. Inc. v. Shapiro & Lodwick Co. LPA*, No. 07-1759 (lead Zurich docket); *Sunburst Hospitality v. Van Enters., Inc.*, No. 07-3687 (Gallagher docket).

insufficient and that the settlement's sunset provisions will enable NAR to resume illegal conduct. *Compare Burnett* Dkt. 1562 at 15-18 (March), with *Burnett* Dkt. 1563 at 3-4, 7-9 (Spring Way). Likewise, Movants and objector Cheatham both take the position that the district court should not have deemed objections waived for objectors who failed to appear at the Compass-Redfin settlement hearing. *Compare* Consolidation Mtn. at 6 (Movants), *and* Reconsideration Mtn. at 7 (Movants), *with Gibson* Dkt. 553 at 1-2 (Cheatham). This Court will avoid confusion, duplication, and the potential for conflicting rulings if those issues are considered once in consolidated appeals, rather than multiple times in multiple appeals.

Movants further overstate the differences between any REBNY-specific questions in their appeals and the questions raised by the other appeals with which theirs are currently consolidated. Contrary to Movants' claim that their appeals "concern a wholly separate and distinct antitrust conspiracy," Reconsideration Mtn. at 4, and "a different set of real estate trade organization rules," Consolidation Mtn. at 2, the district court recognized that "the challenged REBNY rules share a common nucleus of operative fact, and thus the same factual predicate, as [the NAR rules] . . . . The slight differences that [Movants] contend exist . . . do not [] create a distinct factual predicate." *Burnett* Dkt. 1622 at 56 (¶¶ 118-19); *see also id.* at 54 (¶ 116) ("[Movants'] argument that their claims do not share the same 'factual predicate' is also contradicted by their own prior judicial admissions."). Indeed, as

the district court noted, the *Gibson* complaint itself—the basis of the Compass-Redfin settlements—specifically mentions REBNY as part of the alleged conspiracy. *Gibson* Dkt. 530 at 6-7 (¶ 15), 30-32 (¶¶ 56-58) (citing *Gibson* Dkt. 232 (Amended Compl.) ¶¶ 28, 182, 225, 227).

Finally, creating a new fourth group of consolidated appeals will lead to unnecessary briefing by the parties and work for this Court. Movants are not the only objectors who appealed more than one approval order. Most objectors did, and—like Movants—many raise similar objections in each appeal. Mullis, for example, objected to all three sets of settlements for the same reasons. *Compare Gibson* Dkt. 471 at 3 (Mullis objection to Compass-Redfin settlements), *with Burnett* Dkt. 1447 at 2 (Mullis objection to Anywhere-RE/MAX-Keller settlements), *with Burnett* Dkt. 1561 at 2-3 (Mullis objection to NAR-HomeServices settlements). The logic of Movants' position would thus require reconsolidating numerous other appeals before the Court on an objector-by-objector basis as well. The Clerk was well within its discretion to decide that it makes more sense to handle objector appeals on an order-by-order basis, and Movants give no good reason for revisiting that determination now.

## CONCLUSION

For the foregoing reasons, Defendant-Appellee NAR respectfully requests that this Court deny Movants' motion for reconsideration.

February 20, 2025

Respectfully submitted,

*/s/ Christopher G. Michel*

Christopher G. Michel
William A. Burck
John F. Bash
Michael D. Bonanno
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1300 I Street NW
Suite 900
Washington, D.C. 20005
(202) 538-8308

*Counsel for Defendant-Appellee National Association of Realtors*

# APPENDIX

NAR-HomeServices appeals are in **blue**. Anywhere-RE/MAX-Keller appeals are in **white**. Compass-Redfin appeals are in **gray**. Cases marked with an **asterisk** (*) are cases Movants seek to consolidate.

| CA8 CASE | APPEAL FROM | PARTIES ON APPEAL | SETTLEMENT(S) CHALLENGED | STATUS |
|---|---|---|---|---|
| Burnett v. Spring Way Center, LLC, No. 24-3444 | Burnett v. NAR, 19-cv-332, Dkt. 1622 | Plaintiffs-Appellees: Burnett et al.<br>Defendants-Appellees: NAR and HomeServices<br>Objectors-Appellants: Spring Way Center, LLC et al. | NAR and HomeServices | Lead case in consolidated NAR-HomeServices appeals. |
| * Burnett v. March, No. 24-3450 | Burnett v. NAR, 19-cv-332, Dkt. 1622 | Plaintiffs-Appellees: Burnett et al.<br>Defendant-Appellee: NAR and HomeServices<br>Objector-Appellant: Monty March | NAR | Consolidated with NAR-HomeServices appeals, Nos. 24-3444 et al. |
| * Burnett v. Friedman, No. 24-3451 | Burnett v. NAR, 19-cv-332, Dkt. 1622 | Plaintiffs-Appellees: Burnett et al.<br>Defendant-Appellee: NAR and HomeServices<br>Objector-Appellant: Robert Friedman | NAR | Consolidated with NAR-HomeServices appeals, Nos. 24-3444 et al. |
| Burnett v. Cheatham, No. 24-3527 | Burnett v. NAR, 19-cv-332, Dkt. 1622 | Plaintiffs-Appellees: Burnett et al.<br>Defendants-Appellees: NAR and HomeServices<br>Objectors-Appellants: Benny Cheatham et al. | NAR and HomeServices | Consolidated with NAR-HomeServices appeals, Nos. 24-3444 et al. |
| Burnett v. Monestier, No. 24-3585 | Burnett v. NAR, 19-cv-332, Dkt. 1622 | Plaintiffs-Appellees: Burnett et al.<br>Defendants-Appellees: NAR and HomeServices<br>Objector-Appellant: Tanya Monestier | NAR and HomeServices | Consolidated with NAR-HomeServices appeals, Nos. 24-3444 et al. |
| Burnett v. Wang, No. 24-3589 | Burnett v. NAR, 19-cv-332, Dkt. 1622 | Plaintiffs-Appellees: Burnett et al.<br>Defendant-Appellee: NAR and HomeServices<br>Objector-Appellant: Hao Zhe Wang | NAR | Although Wang objects to the NAR settlement, his objection is not consolidated with No. 24-3444 et al. per Eighth Circuit practice due to Wang's *pro se* status. |

| | | | | |
|---|---|---|---|---|
| Burnett v. Mullis, No. 24-3619 | Burnett v. NAR, 19-cv-332, Dkt. 1622 | Plaintiffs-Appellees: Burnett et al.<br>Defendants-Appellees: NAR and HomeServices<br>Objector-Appellant: James Mullis | NAR and HomeServices | Consolidated with NAR-HomeServices appeals, Nos. 24-3444 et al. |
| Burnett v. Doyle, No. 24-3621 | Burnett v. NAR, 19-cv-332, Dkt. 1622 | Plaintiffs-Appellees: Burnett et al.<br>Defendant-Appellee: NAR and HomeServices<br>Objectors-Appellants: Rosalie Doyle et al. | NAR | Consolidated with NAR-HomeServices appeals, Nos. 24-3444 et al. |
| Burnett v. Mullis, No. 24-2143 | Burnett v. NAR, 19-cv-332, Dkt. 1487 | Plaintiffs-Appellees: Burnett et al.<br>Defendants-Appellees: Anywhere Real Estate, RE/MAX, Keller Williams<br>Objector-Appellant: James Mullis<br><br>NAR is not a party to the appeal. | Anywhere Real Estate, RE/MAX, and Keller Williams | Lead case in consolidated Anywhere-RE/MAX-Keller appeals. |
| Burnett v. Spring Way Center, LLC, No. 24-2168 | Burnett v. NAR, 19-cv-332, Dkt. 1487 | Plaintiffs-Appellees: Burnett et al.<br>Defendants-Appellees: Anywhere Real Estate, RE/MAX, Keller Williams<br>Objectors-Appellants: Spring Way Center, LLC et al.<br><br>NAR is not a party to the appeal. | Anywhere Real Estate, RE/MAX, and Keller Williams | Consolidated with Anywhere-RE/MAX-Keller appeals, Nos. 24-2143 et al. |
| Burnett v. Cheatham, No. 24-2391 | Burnett v. NAR, 19-cv-332, Dkt. 1487 | Plaintiffs-Appellees: Burnett et al.<br>Defendants-Appellees: Anywhere Real Estate, RE/MAX, Keller Williams<br>Objectors-Appellants: Benny Cheatham et al.<br><br>NAR is not a party to the appeal. | Anywhere Real Estate, RE/MAX, and Keller Williams | Consolidated with Anywhere-RE/MAX-Keller appeals, Nos. 24-2143 et al. |
| Gibson v. Mullis, No. 24-3473 | Gibson v. NAR, 23-cv-788, Dkt. 530 | Plaintiffs-Appellees: Gibson et al.<br>Defendants-Appellees: Compass, Redfin, Real Brokerage, Realty ONE, @properties, Douglas Elliman, Engel & Völkers, HomeSmart, and United Real Estate<br>Objector-Appellant: James Mullis | Compass, Redfin, Real Brokerage, Realty ONE, @properties, Douglas Elliman, Engel & Völkers, HomeSmart, and United Real Estate | Lead case in consolidated Compass-Redfin appeals. |

| | | | | |
|---|---|---|---|---|
| | | NAR is not a party to the appeal. | | |
| * Gibson v. March, No. 24-3478 | Gibson v. NAR, 23-cv-788, Dkt. 530 | Plaintiffs-Appellees: Gibson et al.<br>Defendants-Appellees: Compass, Redfin, Real Brokerage, Realty ONE, @properties, Douglas Elliman, Engel & Völkers, HomeSmart, and United Real Estate<br>Objector-Appellant: Monty March<br><br>NAR is not a party to the appeal. | Compass, Redfin, Real Brokerage, Realty ONE, @properties, Douglas Elliman, Engel & Völkers, HomeSmart, and United Real Estate | Consolidated with Compass-Redfin appeals, Nos. 24-3473 et al. |
| * Gibson v. Friedman, No. 24-3481 | Gibson v. NAR, 23-cv-788, Dkt. 530 | Plaintiffs-Appellees: Gibson et al.<br>Defendants-Appellees: Compass, Redfin, Real Brokerage, Realty ONE, @properties, Douglas Elliman, Engel & Völkers, HomeSmart, and United Real Estate<br>Objector-Appellant: Robert Friedman<br><br>NAR is not a party to the appeal. | Compass, Redfin, Real Brokerage, Realty ONE, @properties, Douglas Elliman, Engel & Völkers, HomeSmart, and United Real Estate | Consolidated with Compass-Redfin appeals, Nos. 24-3473 et al. |
| Gibson v. Cheatham, No. 24-3564 | Gibson v. NAR, 23-cv-788, Dkt. 530 | Plaintiffs-Appellees: Gibson et al.<br>Defendants-Appellees: Compass, Redfin, Real Brokerage, Realty ONE, @properties, Douglas Elliman, Engel & Völkers, HomeSmart, and United Real Estate<br>Objectors-Appellants: Benny Cheatham et al.<br><br>NAR is not a party to the appeal. | Compass, Redfin, Real Brokerage, Realty ONE, @properties, Douglas Elliman, Engel & Völkers, HomeSmart, and United Real Estate | Consolidated with Compass-Redfin appeals, Nos. 24-3473. |

## CERTIFICATE OF COMPLIANCE

1. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Word for Microsoft 365 (Version 2308) in 14-point Times New Roman font.

2. This motion complies with Fed. R. App. P. 27(d)(2)(C) because the word count is 2,852 words, excluding the items exempted by Fed. R. App. P. 32(f).

*/s/ Christopher G. Michel*
Christopher G. Michel

*Counsel for Defendant-Appellee National Association of Realtors*

## CIRCUIT RULE 28A(h) CERTIFICATION

This response complies with Circuit Rule 28A(h) because it is submitted electronically through CM/ECF as a single PDF file that has been scanned for viruses and is virus-free.

*/s/ Christopher G. Michel*
Christopher G. Michel

*Counsel for Defendant-Appellee National Association of Realtors*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 20, 2025, I electronically filed the foregoing with the Clerk of the Court for the U.S. Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Christopher G. Michel*
Christopher G. Michel

*Counsel for Defendant-Appellee National Association of Realtors*